IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION


ATLANTIC SOUNDING CO., INC.                                          PLAINTIFF

VERSUS                                      CIVIL ACTION NO.  2:10cv3KS-MTP

PATRICK OLIVER                                                       DEFENDANT


MEMORANDUM OPINION AND ORDER

Pending before this court is defendant Patrick Oliver's Motion to Dismiss the

plaintiff's, Atlantic Sounding Co., Inc., declaratory judgment action.  The court, having

considered the motion, the response, the briefs of counsel, the authorities cited,  the

pleadings and exhibits on file, this court finds specifically as follows:


FACTUAL BACKGROUND

Patrick Oliver was employed with Atlantic Sounding on the dredge "Captain

Frank" on or about November 12, 2009, when he allegedly fell from a bunk bed.  The

"Captain Frank" was, at that time, located in the Gulf of Mexico south of Grand Isle,

Louisiana.  Oliver was and is a resident of Mississippi.  Oliver alleges that he hurt his

back when he fell from the bed on the evening of November 12.  There were no

witnesses present at the time of the alleged fall.

Oliver was transported to the Lady of the Sea General Hospital in Cutoff,

Louisiana.  He was examined at the hospital and x-rays of his back were performed.

After the examination, he was returned to work without restrictions.  However, Oliver

chose not to return to work and instead went to his home in Mississippi.

Since the date of the injury, the plaintiff alleges that Oliver has failed to return to work and has failed to provide any medical records or documentation as to any disabling condition which would prevent his return to work.  Nor has he provided any evidence that he has been treated for any injury which he claims arose out of the alleged incident of November 12, 2009.

The record indicates that Atlantic Sounding had its Corporate Claims Manager write Oliver on November 17, 2009, to advise him that he should contact them for any non-emergency medical care needed and to report any time lost from work as a result of the alleged incident.  Oliver did not respond to this request.

On December 17, 2009, Oliver filed a Jones Act suit against Weeks Marine, Inc. and Hercules Offshore in state court in Harris County, Texas.  Oliver admits in the Texas case, which asserts claims for negligence under the Jones Act and unseaworthiness and maintenance and cure under general maritime law, that he is a resident of Mississippi.  Oliver alleges that he was employed by Weeks Marine and working on a vessel owned by Hercules at the time of the alleged fall.  However, the record reflects that Oliver actually was employed by Atlantic Sounding on the "Captain Frank" which is owned by Weeks Marine and operated out of Houma, Louisiana.

On January 5, 2010, Atlantic Sounding filed this Declaratory Judgment action in this court seeking a declaration that Oliver is not entitled to maintenance and cure.  Oliver has filed his present motion to dismiss asserting that his Texas suit will resolve the "narrow issue", i.e., maintenance and cure, "in the more comprehensive state court action."

## STANDARD OF REVIEW

When considering a declaratory judgment action, a district court must engage in a three-step inquiry. *Orix Credit Alliance v. Wolfe*, 212 F.3d 891, 895 (5th Cir. 2000). First, the court must determine whether the declaratory action is justiciable, i.e. whether an actual controversy exists between the parties. *Id.* Second, if it has jurisdiction, the court must resolve whether it has the authority to grant declaratory relief in the case presented. *Id.* Third, the court has to determine how to exercise its broad discretion to decide or dismiss a declaratory action. *Id.*

The court's decision to entertain a declaratory judgment action pursuant to 28 U.S.C. § 2201 is discretionary. *Brillhart v. Excess Ins. Co. of America*, 316 U.S. 491, 494 (1942); *Mission Ins. Co. v. Puritan Fashions Corp.*, 706 F.2d 599, 601 (5th Cir. 1983); *Employers' Liability Assur. Corp. v. Mitchell*, 211 F.2d 441, 443 (5th Cir. 1954). The Declaratory Judgment Act "created an opportunity, rather than a duty, to grant a new form of relief for qualifying litigants." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 288 (1995). Consistent with *Brillhart*, abstention from a declaratory judgment action is ordinarily appropriate when the state offers an adequate alternative forum in which to resolve the particular dispute. *Southwind Aviation v. Bergen Aviation*, 23 F.3d 948, 950 (5th Cir. 1994).

A district court may not dismiss a request for declaratory judgment relief "on the basis of a whim or personal disinclination." *Hollis v. Itawamba County Loans*, 657 F.2d 746, 750 (5th Cir. 1981). Rather, when deciding whether to dismiss a declaratory complaint, the factors that should be considered include, but are not limited to: (1)

whether the questions in controversy between the parties to the federal suit, and which

are not foreclosed under applicable substantive law, can better be settled in the

proceeding pending in state court; (2) whether the claims of all parties in interest can

satisfactorily be adjudicated in the state court proceeding; (3) whether necessary

parties have been joined; and (4) whether such parties are amenable to process in that

proceeding. *Brillhart*, 316 U.S. at 495.

The Supreme Court has held that where a state lawsuit pending in state court

encompassed the same issues raised in a declaratory judgment action, the district court

was within its discretion to dismiss the declaratory judgment action to avoid duplicative

or parallel proceedings. *Wilton*, 515 U.S. at 280-81, 290. The Fifth Circuit has

indicated that an additional relevant factor is whether the declaratory complaint was

filed in anticipation of another suit and is being used for the purpose of forum shopping.

*Granite State Ins. Co. v. Tandy Corp.*, 986 F.2d 94, 96 (5ᵗʰ Cir. 1992); *Rowan*

*Companies v. Griffin*, 876 F.2d 26, 29 (5ᵗʰ Cir. 1989).

Additionally, the Fifth Circuit has expounded on the above factors and clarified

them further. *See St. Paul Ins. Co. v. Trejo*, 39 F.3d 585 (5ᵗʰ Cir. 1994); and *Travelers*

*Ins. Co. v. La. Farm Bureau Fed'n, Inc.*, 996 F.2d 774 (5ᵗʰ Cir. 1993). That court has

indicated that the district court mus consider these factors on the record before a

discretionary, non-merits dismissal of a declaratory judgment action is appropriate. *See*

*id.*

### ANALYSIS

It is well settled that maintenance and cure issues such as those presented in

this case present a justiciable controversy for purposes of maintaining an action under the Declaratory Judgment Act, 28, U.S.C. § 2201. *See Rowan Companies v. Griffin, supra*; and *Torch, Inc. v. Theriot*, 727 F.Supp. 1048 (E.D. La. 1990). Thus, there can be no dispute that there is a justiciable issue or that the court has the authority to grant declaratory relief if it chooses to exercise its discretion to do so.

Considering the remaining requisite issues, first the court acknowledges that there is indeed a pending state court suit in Texas. But the question is whether that litigation can adequately resolve the present dispute. Atlantic Sounding asserts that it can't because Atlantic Sounding is not a party to that suit and the only issue in this suit is Oliver's entitlement to maintenance and cure from Atlantic Sounding. The court agrees with the plaintiff on this point.

Next, Atlantic Sounding argues that it can not be considered to have filed the present suit in anticipation of litigation on the part of Oliver. Indeed, Oliver's state court suit predated the present action, but it does not name Atlantic Sounding a party. Further, Atlantic Sounding got no response from Oliver after he was examined at the hospital and released to return to work, even though Atlantic Sounding attempted to ascertain Oliver's condition. Finally, on this factor, Atlantic Sounding contends that it is the first to file as to litigation between it and Oliver, and the court agrees.

Atlantic Sounding also contends that the forum shopping factor favors the present litigation by virtue of the fact that Oliver is a resident of Mississippi working out of the state of Louisiana. He has alleged no personal connection with Texas to support jurisdiction there. The court agrees with the plaintiff on this issue that it appears the defendant is the one engaged in forum shopping.

Likewise, the court agrees that the remaining factors support Atlantic Sounding's position that this suit should not be dismissed.  Specifically, the two suits were filed only a couple of weeks apart and this action was the first filed as to the present parties.  Thus, there is no inequity in allowing Atlantic Sounding to gain precedence in time.  Further, the Mississippi forum is more convenient since Oliver resides in this district.  Finally, judicial economy does not weigh in favor of dismissal or abstention since there is no other case involving Atlantic Sounding and Oliver presently proceeding.  The court therefore concludes that the motion to dismiss should be denied.

IT IS THEREFORE ORDERED AND ADJUDGED that defendant's Motion to Dismiss **[#4]** is Denied.

SO ORDERED this the 25th day of March, 2010.


*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE